**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NYERERE HOWELL,<br><br>    Appellant,<br><br>    v.<br><br>DEPARTMENT OF VETERANS<br>    AFFAIRS,<br><br>    Agency. | DOCKET NUMBER<br>AT-0752-24-0775-I-1<br><br><br><br>DATE:  May 26, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Raymond Mitchell, Columbia, South Carolina, for the appellant.

Tsopei Robinson, Esquire, West Palm Beach, Florida, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff, II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained the agency's chapter 75 removal action.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant challenges the administrative judge's conclusion that the agency proved its charge of sexual harassment. Petition for Review (PFR) File, Tab 1. We have considered all of the appellant's assertions in this regard but find them unpersuasive. For example, the appellant makes several allegations regarding witnesses who testified against him, and he avers that these witnesses were not credible; however, we find that the appellant's unsupported assertions do not provide a basis to disturb the administrative judge's explained findings, which were based, in part, on credibility determinations. *Id.* at 5-7; Initial Appeal File (IAF), Tab 24, Initial Decision (ID) at 3-10; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (explaining that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing); *see also Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (stating that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge).

The appellant asserts that he worked for the agency for over 20 years and had no prior conduct issues. PFR File, Tab 1 at 5. To the extent he is arguing that the penalty of removal was unreasonable under the circumstances, we find his argument unpersuasive. *Id.* Here, the administrative judge applied the proper

legal standard and reasonably concluded that the agency's selected penalty of removal was not unwarranted under the circumstances and was within the tolerable bounds of reasonableness. ID at 12-13; *see Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996) (explaining that when the agency's charge is sustained but not all of the underlying specifications are sustained, the agency's penalty is entitled to deference and should only be reviewed to determine whether it is within the parameters of reasonableness). Thus, we discern no basis to disturb the initial decision.[2]

The appellant argues that both the proposing official and the deciding official engaged in sexual harassment and/or misconduct but were not disciplined. PFR File, Tab 1 at 6-7. He avers that the deciding official was charged with sexual harassment twice but was not disciplined. *Id.* at 6. These unsupported assertions, however, do not warrant a different outcome. *See Tines*, 56 M.S.P.R. at 92. The appellant more specifically alleges that, at the hearing, he attempted to ask the deciding official "if he was ever charged" with sexual misconduct, but the administrative judge "refused to want to hear his answer." PFR File, Tab 1 at 6. The hearing recording reflects that the administrative judge implicitly sustained an objection based on relevance after the appellant's representative asked the deciding official if he had ever been accused of, not charged with, sexual harassment. IAF, Tab 21-1, Hearing Recording (testimony of the deciding official). The appellant's representative thereafter asked the deciding official if he had "ever been proposed allegations [sic] of sexual harassment." to which the deciding official responded, "The answer is no." *Id.* The appellant's

---

[2] To the extent that the appellant asserts that the agency improperly relied on a prior 14-day suspension that was later reversed, we are unpersuaded. PFR File, Tab 1 at 4-5. Indeed, the appellant does not provide a basis to disturb the administrative judge's finding that he presented no evidence to support his claim that his prior suspensions had been rescinded. ID at 13; *see Tines*, 56 M.S.P.R. at 92; *see also* 5 C.F.R. § 1201.115(a)(2). In any event, even assuming that the appellant had no prior discipline, we nonetheless find the penalty of removal appropriate for the sustained misconduct. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

representative thereafter changed the line of questioning. *Id.* Thus, the appellant's assertions regarding the hearing testimony are inaccurate. In any event, the appellant did not object to the administrative judge's rulings in this regard. *See Whitehurst v. Tennessee Valley Authority*, 43 M.S.P.R. 486, 491 (1990) (explaining that a party is obligated to preserve for review its objections and cannot wait until after the adjudication is complete to object for the first time to an administrative judge's hearing-related rulings). Thus, a different outcome is not warranted.

The appellant avers that the agency retaliated against him for engaging in protected activity and/or for his union activities. PFR File, Tab 1 at 4-5. We decline to consider these claims. Here, the administrative judge issued an order indicating that the sole affirmative defense raised by the appellant was harmful procedural error. IAF, Tab 8 at 1. The administrative judge explained that, to the extent the appellant sought to raise any additional affirmative defenses, he must identify such claims with specificity in response to the order. *Id.* at 1 n.1. The appellant's response did not discernably identify any additional affirmative defenses. IAF, Tab 11. Thereafter, the administrative judge issued an order summarizing the parties' prehearing conference again indicating that the only affirmative defense at issue was harmful procedural error. IAF, Tab 18 at 1. The appellant did not object to this order despite being provided an opportunity to do so. *Id.* at 3. Accordingly, to the extent that the appellant attempts or has attempted to raise any additional affirmative defenses in this matter, we decline to consider the same. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18 (setting forth a list of nonexhaustive factors for consideration in determining whether an appellant will be deemed to have waived an affirmative defense).

Lastly, to the extent that the appellant asserts that the administrative judge's findings are indicative of bias against him, PFR File, Tab 1 at 7, we find his assertion both unsubstantiated and unavailing, *see Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013) (explaining that there is a

presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias and that the Board will not infer bias based on an administrative judge's case-related rulings).

We have considered all of the appellant's remaining assertions; however, we find them unpersuasive. Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.